UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERALD DWAYNE COLLEY,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

No. 1:26-cv-08245-SAB (PC)

ORDER OF REASSIGNMENT TO A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION BE DENIED

(ECF No. 16)

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on September 22, 2026, and moved for a temporary restraining order and preliminary injunction on October 28, 2026. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff seeks a temporary restraining order to be reinstated on the emergent surgical list, enjoin Defendants from cancelation of approved surgery, and given accommodations pending surgery, as well as a preliminary injunction.[1] (ECF No. 16, p. 5.)

/ / /

[1] The Court has simultaneously screened the complaint under separate order pursuant to 28 U.S.C. § 1915A.

# I.

# LEGAL STANDARD

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party serve must appear to defend.). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

## II.

## DISCUSSION

In his motion, Plaintiff seeks a temporary restraining order, ordering that he be reinstated on the emergent surgical list; Defendants be enjoined from canceling his approved surgery; and Plaintiff be provided with interim accommodations pending surgery. Plaintiff also seeks a preliminary injunction that orders Defendants to schedule and complete lumbar surgery; order Defendants to declare when and where the surgery will take place; and order Defendants to file a post operation compliance report. (ECF No. 16, p. 5.)

Plaintiff has not made a sufficient showing to warrant the granting of a temporary restraining order and/or preliminary injunction. First, Plaintiff filed this request within the complaint, and no defendant has been served with process. Until one or more of the defendants have been served with process, this Court lacks personal jurisdiction over them and may not grant the injunctive relief Plaintiff requests. See Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc., 526 U.S. at 350. Second, as stated in a separate order, the Court has presently screened Plaintiff's complaint and found that he failed to state any cognizable claims which § 1983 relief can be granted against the defendants named therein. Therefore, Plaintiff has necessarily failed to show, for purposes of justifying injunctive relief, any likelihood of success on the merits of his claims. Winter, 555 U.S. at 20. Accordingly, Plaintiff's motion for a temporary restraining order should be denied.

## III.

## ORDER AND RECOMMENDATION

IT IS HEREBY ORDERED that this matter be randomly reassigned to a district judge.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request for a temporary restraining order and/or preliminary injunction (ECF No. 16) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Objections, if any, shall not exceed **fifteen (15) pages**. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge